Sterling A. Brennan (SBN 126019)
*sbrennan@mabr.com*
Christina L. Trinh (SBN 307879)
*ctrinh@mabr.com*
**MASCHOFF BRENNAN**
**GILMORE & ISRAELSEN**
100 Spectrum Center Dr, Ste 1200
Irvine, CA 92618-4980
Tel: (949) 202-1900 – Fax: (949) 453-1104

Brian N. Platt (*pro hac vice* forthcoming)
*bplatt@wnlaw.com*
Collin D. Hansen (*pro hac vice* forthcoming)
*chansen@wnlaw.com*
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800 – Fax: (801) 328-1707

*Attorneys for Plaintiff Flying Heliball, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

FLYING HELIBALL, LLC, a California limited liability company,

*Plaintiff*,

vs.

SPIN COPTER, INC., a California corporation

*Defendant*.

Case No: 2:23-cv-1778

COMPLAINT FOR PATENT INFRINGEMENT

JURY TRIAL DEMANDED

Plaintiff Flying Heliball, LLC ("Flying Heliball" or "Plaintiff"), for its Complaint against Defendant Spin Copter, Inc. ("Spin Copter" or "Defendant"), hereby states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the laws of the United States of America. Plaintiff Flying Heliball is the owner of United States Patent Number 7,100,866 (the "'866 Patent") titled "Control System for a Flying Vehicle."




**U.S. Patent No. 7,100,866 – Fig. 1**

2. Without license or authorization, Defendant Spin Copter sells flying vehicles that practice the patented inventions of the '866 Patent including the "Hover Force" Spincopter flying vehicle (the "Accused Products") depicted below (*see* Exhibit A):




https://www.spin-copter.com/hover-force

3. After being advised by the Plaintiff that its products infringe the claims of the '866 Patent, the Defendant Spin Copter continued to sell the Accused Products without authorization or license.

4. Flying Heliball brings this action to put a stop to Spin Copter's unauthorized and unlicensed use of the inventions of the '866 Patent.

**THE PARTIES**

5. Plaintiff Flying Heliball, LLC is a California limited liability company with a principal place of business at 28777 Witherspoon Parkway, Valencia, California 91355 (hereinafter "Flying Heliball" or "Plaintiff").

6. Defendant Spin Copter is a California corporation with a principal place of business at 834 Saint Andrews Circle, Paso Robles, California 93446. Spin Copter may be served with process through its registered agent, Kevin Pisor, 834 Saint Andrews Circle, Paso Robles, California 93446.

**JURISDICTION AND VENUE**

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 United States Code, §§ 1 et seq.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action concerns the infringement of a United States patent.

9. This Court has personal jurisdiction over Spin Copter because it is located within this judicial district. Spin Copter has purposefully and voluntarily availed itself of the privileges of conducting business in the United States, in the State of California, and in this judicial district by virtue of its location here. In the State of California and in this judicial district, Spin Copter directly or through intermediaries performs at least a portion of the infringements alleged herein, and distributes, markets, sells, or offers to sell products that practice the invention of the ’866 Patent.

10. Venue is proper in this judicial district pursuant to 1400(b) because the Defendant resides in this judicial district and because the Defendant has a regular and established places of business in this judicial district and has committed acts of patent infringement in this judicial district.

**BACKGROUND**

11. Flying Heliball and its parent corporation are international sellers and distributors of toys and are largely focused on radio-controlled helicopters and other flying vehicles.

12. In 2022, the ’866 Patent was assigned to Flying Heliball, which is the owner of the ’866 Patent. The inventions claimed in the ’866 Patent relate to a control system for a flying toy.

13. Jeffrey Rehkemper, Nicholas Grisolia, Peter Greenley, and Bret Gould are the named inventors on the ’866 patent.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,100,866**

14. Flying Heliball incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

15. On September 5, 2006, the ’866 Patent titled “Control system for a flying vehicle” was duly issued by the United States Patent and Trademark Office. A copy of the ’866 Patent is attached hereto as Exhibit B.

16. The ’866 Patent is valid, enforceable, and was issued in full compliance with Title 35 of the United States Code.

17. Flying Heliball is the owner by assignment of the ’866 Patent.

18. During the term of the ’866 Patent, the Defendant has made, used, offered for sale, distributed, and/or sold in the United States the Accused Products without authorization or license.

19. Claim 1 of the ’866 Patent is reproduced in full below:

> 1. A vehicle having a means for propelling in a vertical direction, further comprising:
>
> a transmitter/receiver pair positioned on the vehicle, the transmitter transmitting a signal from the vehicle in a predetermined direction;
>
> a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal; and
>
> a control system that automatically sets a speed of the propelling means in response to the receiver, said control system having a first means to set the speed of the propelling means to a first speed when the receiver

> receives the bounced signal and the control system having a second means to set the speed of the propelling means to a second speed when the receiver does not receive the bounced signal, the first speed being predefined as a speed that causes the vehicle to gain altitude and the second speed being predefined as a speed that causes the vehicle to lose altitude.

20. To the extent the preamble of Claim 1 of the ’866 Patent is limiting, the Accused Products meet this limitation as set forth below:

> 1. **A vehicle** **having a means for propelling in a vertical direction**, further comprising:
>
> a transmitter positioned on the bottom of said vehicle for transmitting a signal from the vehicle downwardly away from said vehicle;
>
> a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal; and
>
> a control system that automatically sets a speed of the propelling means in response to the receiver, said control system having a first means to set the speed of the propelling means to a first speed when the receiver receives the bounced signal and the control system having a second means to set the speed of the propelling means to a second speed when the receiver does not receive the bounced signal, the first speed being predefined as a speed that causes the vehicle to gain altitude and the second speed being predefined as a speed that causes the vehicle to lose altitude.

//

//

//

//

//

//

//

A vehicle

https://www.spin-copter.com/hover-force
(Product Test Purchase)




https://www.spin-copter.com/hover-force
(Product Test Purchase)

21. The Accused Products further meet the limitations of Claim 1 of the '866 Patent as set forth below:

> 1. A vehicle having a means for propelling in a vertical direction, further comprising:
>
> **a transmitter positioned on the bottom of said vehicle for transmitting a signal from the vehicle downwardly away from said vehicle;**
>
> **a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal; and**
>
> a control system that automatically sets a speed of the propelling means in response to the receiver, said control system having a first means to set the speed of the propelling means to a first speed when the receiver receives the bounced signal and the control system having a second means to set the speed of the propelling means to a second speed when the receiver does not receive the bounced signal, the first speed being predefined as a speed that causes the vehicle to gain altitude and the second speed being predefined as a speed that causes the vehicle to lose altitude.

//

//

//

//

//

//

//

//

//

//



**a transmitter positioned on the bottom of said vehicle for transmitting a signal from the vehicle downwardly away from said vehicle**

**a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal; and**

https://www.spin-copter.com/hover-force

//

//

//

//

//

//

a transmitter positioned on the bottom of said vehicle for transmitting a signal from the vehicle downwardly away from said vehicle




a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal; and

https://www.spin-copter.com/hover-force

22. The Accused Products further meet the limitations of Claim 1 of the ’866 Patent as set forth below:

> 1. A vehicle having a means for propelling in a vertical direction, further comprising:
>
> a transmitter positioned on the bottom of said vehicle for transmitting a signal from the vehicle downwardly away from said vehicle;
>
> a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal; and
>
> **a control system that automatically sets a speed of the propelling means in response to the receiver, said control system having a first means to set the speed of the propelling means to a first speed when the receiver receives the bounced signal and the control system having a second means to set the speed of the propelling means to a second speed when the receiver does not receive the bounced signal, the first speed being predefined as a speed that causes the vehicle to gain altitude and the second speed being predefined as a speed that causes the vehicle to lose altitude.**

//

//

//

//

//

//

//

//

//

//

//




**a control system that automatically sets a speed of the propelling means in response to the receiver, said control system having a first means to set the speed of the propelling means to a first speed when the receiver receives the bounced signal and the control system having a second means to set the speed of the propelling means to a second speed when the receiver does not receive the bounced signal, the first speed being predefined as a speed that causes the vehicle to gain altitude and the second speed being predefined as a speed that causes the vehicle to lose altitude**

**Controlling Flight...**

- Move your hand slowly under the Drone to make it go up.
- Moving your hand towards the right or left side of the Drone will make it move away from your hand.

**Toss Up To Launch** | **Hovers After Launch**

**A control system . . .**

https://www.spin-copter.com/hover-force (Product Instructions)




**A control system . . .**

https://www.youtube.com/watch?v=aez6b5yQ608

(Defendant's Product Video)

23. Defendant has directly infringed and continues to infringe one or more claims of the '866 Patent in this District and elsewhere in the United States, including at least Claim 1, by making, using, offering for sale, selling, and/or importing the Accused Products in violation of 35 U.S.C. § 271(a). As such, Defendant is liable for infringement of the '866 Patent under 35 U.S.C. § 271(a).

24. Defendant has indirectly infringed one or more claims of the '866 Patent in this District and elsewhere in the United States, including at least Claim 1, by inducing others to make, use, offer for sale, or sell the Accused Products in violation of 35 U.S.C. § 271(b). Defendant has actual knowledge of its infringement of the '866 Patent, at least since receiving notice of its infringement from the Plaintiff on August 11, 2022. (*See* Exhibit C.) As such, the Defendant is liable for indirect infringement of the '866 Patent under 35 U.S.C. § 271(b).

25. Defendant induces infringement by providing its customers with instructions as to how to infringe the '866 Patent including, for example, the online instructions and instructional videos located at the URL https://www.youtube.com/watch?v=aez6b5yQ608, titled Hover Force Web Video12 19, and posted by user Spin Copter Kevin.

26. Defendant has indirectly infringed one or more claims of the '866 Patent in this District and elsewhere in the United States by contributory infringement by selling the Accused Products, which have no substantial noninfringing use, in violation of 35 U.S.C. § 271(c). Defendant has actual knowledge of its infringement of the '866 Patent and Defendant has sold, offered for sale, and/or imported the Accused Products which constitute a material component of the device claimed in the '866 Patent, with the knowledge and intent that such products are especially made and/or especially adapted for use in the direct infringement of the '866 Patent, and which products do not constitute a staple article or commodity and which lack any substantial non-infringing use. As such, the

Defendant is liable for indirect infringement of the ’866 Patent under 35 U.S.C. § 271(c).

27. Defendant has been on notice of the ’866 Patent at least since August 11, 2022, when it received correspondence advising of its infringement of the ’866 Patent and has willfully infringed the ’866 Patent by continuing to sell the Accused Products after that date. A copy of such correspondence is attached hereto as Exhibit C.

28. Flying Heliball and its affiliates have marked their products in accordance with 35 U.S.C. § 287(a).

29. As a result of the Defendant’s acts of infringement, Flying Heliball and its affiliates have been damaged and will continue to suffer damages in an amount to be proven at trial in accordance with 35 U.S.C. § 284.

30. Defendant’s infringement has been willful and this case is exceptional. Upon receiving notice of its infringement of the ’866 Patent, the Defendant willfully continued to sell the Accused Products. Flying Heliball is entitled to recover treble damages and reasonable attorneys’ fees under 35 U.S.C. §§ 284 and 285.

31. Defendant’s infringement of the ’866 Patent causes Flying Heliball irreparable harm for which there is no adequate remedy available at law. In accordance with principles of equity and 35 U.S.C. § 283, Defendant’s infringement of the ’866 Patent should be permanently enjoined.

## PRAYER FOR RELIEF

Wherefore, Flying Heliball respectfully prays that the Court enter judgment as follows:

A. Declaring that the Defendant has unlawfully and willfully infringed one or more claims of the ’866 Patent;

B. Awarding Flying Heliball damages adequate to compensate for the Defendant’s infringement, but in no event less than a reasonable royalty, for the use by the Defendant of the inventions of the ’866 Patent under 35 U.S.C. § 284;

C. Awarding Flying Heliball costs, pre-judgment, and post-judgment interest, including in accordance with 35 U.S.C. § 284;

D. Awarding Flying Heliball enhanced damages, in the form of treble damages, under 35 U.S.C. § 284;

E. Awarding Flying Heliball its reasonable attorneys' fees under 35 U.S.C. § 285 and declaring that this is an exceptional case;

F. Granting Flying Heliball a permanent injunction against Defendant in accordance with principles of equity to prevent the violation of any right secured by the '866 Patent under 35 U.S.C. § 283; and

G. Granting Flying Heliball other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims and defenses so triable.

Dated: March 9, 2023

Respectfully submitted,

MASCHOFF BRENNAN GILMORE & ISRAELSEN

*and*

WORKMAN NYDEGGER PC

By: */s/ Sterling A. Brennan*
Sterling A. Brennan

*Attorneys for Flying Heliball, LLC*