JS-6

Sterling A. Brennan (SBN 126019)
*sbrennan@mabr.com*
Christina L. Trinh (SBN 307879)
*ctrinh@mabr.com*
**MASCHOFF BRENNAN**
**GILMORE & ISRAELSEN**
100 Spectrum Center Dr, Ste 1200
Irvine, CA 92618-4980
Tel: (949) 202-1900 | Fax: (949) 453-1104

Brian N. Platt (*pro hac vice*)
*bplatt@wnlaw.com*
Collin D. Hansen (*pro hac vice*)
*chansen@wnlaw.com*
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800 – Fax: (801) 328-1707

*Attorneys for Plaintiff Flying Heliball, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLYING HELIBALL, LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>SPIN COPTER, INC.<br><br>*Defendant*. | Case No: CV 23-1778-GW-KESx<br><br>STIPULATED PERMANENT INJUNCTION AND DISMISSAL OF LITIGATION |

The Parties, having stipulated to the entry of this injunction and dismissal as part of a written settlement agreement, and in accordance with Rule 65(d) of the Federal Rules of Civil Procedure, the Court hereby orders as follows:

**THE PARTIES**

1. Plaintiff Flying Heliball, LLC ("Flying Heliball") is a California limited liability company with a principal place of business at 28777 Witherspoon Parkway, Valencia, California 91355.

2. Defendant Spin Copter, Inc. ("Spin Copter") is a California corporation with a principal place of business at 834 Saint Andrews Circle, Paso Robles, California 93446.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

4. This Court has personal jurisdiction over Defendant because Defendant maintains a principal place of business in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the Defendant is incorporated in this judicial district and subject to personal jurisdiction in this judicial district.

**PATENT INFRINGEMENT**

6. Plaintiff FH alleges in the Complaint that it is the owner of U.S. Patent No. 7,100,866 (the "'866 Patent" or "Asserted Patent").

7. Plaintiff FH alleges in the Complaint that the Spin Copter product below ("Accused Product") practices the invention of at least one claim of each of the Asserted Patent.




https://www.spin-copter.com/hover-force

**PERMANENT INJUNCTION**

8. The Parties have stipulated and agreed to entry of this permanent injunction pursuant to the Settlement Agreement between them.

9. Defendant, its officers, agents, servants, employees, and all persons acting in active concert or participation with it who receives actual notice of this injunction by personal service or otherwise, is hereby permanently enjoined from directly or indirectly making, having made, using, selling, advertising, manufacturing, importing, or distributing the Accused Products or any colorable

imitation thereof, which infringes, literally or equivalently, directly or indirectly, any claim of U.S. Patent No. 7,100,866 until the Asserted Patent expires or is no longer in force.

10. The Complaint against the Defendant is dismissed with prejudice.

11. All parties shall each bear their respective attorneys' fees and costs. The terms of the Settlement Agreement between the parties and this Judgment are to be construed together.

12. The Court shall maintain jurisdiction over this action for purposes of enforcement of this Permanent Injunction and the Settlement Agreement between the parties.

DATED this 9th day of May, 2023.

George H. Wu

HON. GEORGE H. WU,
U.S. DISTRICT JUDGE